UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA CLARK | CIVIL ACTION |
| VERSUS | NO. 10-4413 |
| RITZ CARLTON NEW ORLEANS | SECTION "I"(4) |

## ORDER AND REASONS

Before the Court is motion[1] filed by defendant, the Ritz-Carlton Hotel Company, L.L.C. doing business as Ritz Carlton New Orleans ("the Ritz-Carlton") seeking to dismiss the above captioned matter with prejudice, or alternatively, to stay the proceedings and compel plaintiff, Shawanda Clark ("Clark") to submit her claims to arbitration. For the following reasons, defendant's motion is **DENIED**.

---

[1] R. Doc. No. 11.

## *BACKGROUND*

Clark filed the above captioned matter seeking damages from her former employer, the Ritz-Carlton, for discrimination based on race, sex, and retaliation.[2] Clark alleges that on August 7, 2000, she was hired by the Ritz-Carlton as a cook. She eventually became a supervisor.[3]

On June 12, 2008, Clark contends that her co-worker, a Jamaican female, made a gesture at Clark by patting her rear end and telling Clark to "kiss her ass." Clark contends that she responded to her co-worker, Treica Lee ("Lee"), by walking behind her and telling her to "say it again." Lee told Clark to "kiss her ass" a second time. Clark contends that subsequently, chef Simone Fleming and chef Hazar Mohammed took both Clark and Lee into their office. At that time, Lee apologized for her comments. The following day, chef Matt Murphy reported the incident to Human Resources.

Thereafter, on June 14, 2008, Clark was informed that she was being suspended pending an investigation into the June 12, 2008, event. On June 23, 2008, she was terminated. Human Resources informed Clark that she was terminated for threatening a co-worker. After her termination, Clark contends that she saw doctors for her emotional distress, depression, and anxiety.

Clark alleges that she was discriminated in violation of Title VII because of her race, African-American, and her gender. She further alleges that she was fired in retaliation for "protesting illegal discriminatory behavior and practices."[4] Clark seeks $10 million in damages.

The Ritz-Carlton contends that the above-captioned matter should be dismissed with prejudice because Clark signed an enforceable arbitration agreement on August 7, 2000, when she

---

[2] R. Doc. No. 1.

[3] Clark's complaint does not indicate when she was promoted from cook to supervisor.

[4] According to the complaint, in January 2008, Clark apparently reported to someone, presumably her employer, that chef Matt Murphy was racist and intimidating towards the employees. She also reported that the white male employees make threats to other employees. However, no action was taken. R. Doc. No. 1, p. 2.

became employed by the Ritz-Carlton, the arbitration agreement specifically applies to the claims asserted by Clark, and the Ritz-Carlton is entitled to arbitration under the Federal Arbitration Act. Alternatively, the Ritz-Carlton seeks to have the above-captioned matter stayed and to compel the plaintiff to submit her claims to arbitration pursuant to the arbitration agreement set forth in her employment contract. Clark did not file an opposition to the motion.

## *LAW*

When considering whether a complaint states a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6), the Court must take the factual allegations of the complaint as true and resolve any ambiguities regarding the sufficiency of the claim in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted). The court generally must not consider any information outside the pleadings. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).

It is well-established that complaints drafted by *pro se* complainants like Clark are held to less stringent standards than formal pleadings drafted by lawyers. *See Taylor*, 296 F.3d at 378. However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *See id.* "[E]ven when a plaintiff is proceeding *pro se*, the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Govea v. ATF*, 207 Fed. Appx. 369, 372 (5th Cir. 2006) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)). The court need not "conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Id.* (quotations and citation omitted).

## *ANALYSIS*

In support of its motion, defendant provides the affidavit of Rose Huddleston ("Huddleston"), the Area Director of Human Resources for the Ritz-Carlton Hotel Company, L.L.C.[5] At the time that Clark was hired, Huddleston was the Assistant Human Resources Manager for the Ritz-Carlton Hotel, New Orleans, which is managed by the Ritz-Carlton Hotel Company, L.L.C.[6]

Defendant contends that Clark accepted and agreed as a condition of her employment to be bound by the terms of an "Open Appeal and Issue Resolution Process" which requires that her claims in this matter be submitted to arbitration. Defendant further contends that under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, it is entitled to enforce the arbitration agreement. Specifically,

---

[5] R. Doc. No. 11-2.

[6] *Id.*

defendant argues that Clark agreed to request arbitration if she was terminated or believed that she had been discriminated against on a variety of grounds, including race and sex. Therefore, defendant claims Clark should be compelled to submit her claims to binding arbitration and the matter should be dismissed. Alternatively, the defendant seeks a stay of the above captioned matter pending the resolution of the arbitration proceedings.

The U.S. Supreme Court has recognized the strong federal policy favoring arbitration agreements. *See Southland Corp. v. Keating,* 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *see also Terrebonne v. K-Sea Transp. Corp.,* 477 F.3d 271, 285 (5th Cir.2007). It has held that all but a few statutorily specified kinds of employment agreements are subject to the terms of the Federal Arbitration Act. *See Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 113-119, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Under that Act, an agreement to commit a dispute to arbitration is valid and irrevocable. *See* 9 U.S.C. § 2. "[U]pon being satisfied that the issue involved in [a] suit or proceeding is referable to arbitration under such an agreement, [a district court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C. § 3.

In her affidavit, Huddleston provides a copy of the employee agreement issued to and signed by Ritz-Carlton employees in 2000, the year that Clark was hired.[7] She also represents that she included a copy of Clark's signed employee agreement.[8] Huddleston attests that these documents were kept by defendant, in Clark's personnel file, in the regular course of business.[9]

---

[7] R. Doc. No. 11-3.

[8] *Id.*

[9] R. Doc. No. 11-2.

The first document attached to Huddleston's affidavit is a blank employee agreement. Presumably, it is submitted as an example of the employee agreement Clark signed in 2000. On the second page of the employee agreement is a space where the employee can write his or her name, start date, position, department, and rate of pay.[10] The last page of the agreement contains the arbitration provision and also reflects a section in which both the employee and the employer sign and date the agreement.[11]

The second document attached to Huddleston's affidavit is allegedly "a true and correct copy" of Clark's "signed" employee agreement. However, the document only contains the second page of the agreement where Clark wrote her name, her August 7, 2000 start date, her position as a cook, her department as "F&B",[12] and her $8.50 per hour pay rate. Clark's signature is not reflected anywhere on the document. Notably absent is the signature page of the agreement which would also include the terms of the arbitration provision.

The document provided by defendant fails to demonstrate that Clark actually signed the employee agreement and bound herself to its arbitration provision. Accordingly, in the absence of evidence that Clark executed the employee agreement, dismissal of Clark's claims based on the arbitration provision is inappropriate.

For the foregoing reasons,

**IT IS ORDERED** that the defendant's motion to dismiss, or in the alternative, to stay action pending arbitration is **DENIED**.

---

[10]R. Doc. No. 11-3.

[11]*Id.*

[12]Presumably, F&B stands for food and beverage.

New Orleans, Louisiana, July 5, 2011.

_____

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**